Edward C. GAGLIANO, Plaintiff,

v.

FORD MOTOR COMPANY, a corporation; and Gateway Transportation Co., Inc., a corporation, Defendants.

Civ. A. No. 79–2226.

United States District Court, D. Kansas.

Dec. 7, 1982.

tions are not properly before me for purposes of this motion to dismiss, and I offer no opinion as to their merits.

DeWitt & Zeldin, Kansas City, Mo., Vic Bergman, Joel Goldman, Lynn R. Johnson, Mark Johnson Schnider, Shamberg & May, Chtd., Shawnee Mission, Kan., for plaintiff.

W. James Foland, Bradley J. Baumgart, Shughart, Thomson & Kilroy, Kansas City, Mo., Robert C. Miller, Kansas City, Kan., for Ford Motor Co.

Keith K. Couch, Harold E. Pierce, Couch, Strausbaugh & Pierce, Overland Park, Kan., for Gateway Transp. Co.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on plaintiff's motion for permission to interview

members of the jury. This case was tried to a jury for two weeks commencing November 8, 1982. The jury returned a verdict assessing a considerable portion of fault to the plaintiff and plaintiff's employer, a phantom party. Defendant Ford Motor company was not found to be at fault, and defendant Gateway Transportation was found to be eight percent (8%) at fault. The jury found plaintiff's damages to be Two Hundred Twenty-Five Thousand Dollars ($225,000).

Rule 23A of the Rules of Practice for the United States District Court for the District of Kansas provides:

> "Lawyers appearing in this Court, as well as their agents or employees, shall refrain from approaching jurors who have completed a case, unless authorized by the Court. Such authorization will be considered only upon formal application to the Court and hearing at which just cause shall be shown."

This rule, which has been consistently upheld by the courts of this district, has the salutory purpose of protecting jurors from harassment and embarrassment in regard to their service to this court and the public. Plaintiff's motion and attack on Rule 23A will be discussed point-by-point.

■ (1) Plaintiff attacks Rule 23A on the grounds that it violates the First Amendment to the Constitution of the United States because it is a blanket restraint on the right of an attorney to speak freely with anyone he wishes. Plaintiff's argument is wholly conclusory and does not refer to authority for support. Plaintiff's alleged right to speak freely with jurors following a trial is already seriously limited by Federal Rule of Evidence 606(b). Our local rule only places a "just cause" precondition to conduct allowed by this federal rule.

The reasons for restricting interviews of jurors was persuasively discussed in the opinion of former Chief Judge Frank G. Theis in *Silkwood v. Kerr-McGee Corp.,* No. CIV–0888 (W.D.Okla., 6/20/79, *unpublished*). The rule protects jurors from harassment, decreases chances and temptations for tampering, and promotes the finality of verdicts. The service of a juror to the court is the cornerstone of our judicial system, and competent jurors who are willing to serve are at a premium. An unrestricted fishing expedition, such as that contemplated by plaintiff, would make it seriously difficult to convince such jurors to serve. *See also, United States v. Crosby,* 294 F.2d 928 (2d Cir.1961), *cert. denied* 368 U.S. 984, 82 S.Ct. 599, 7 L.Ed.2d 523 (1962); *United States v. Hall,* 424 F.Supp. 508 (W.D.Okla.1975), *aff'd.* 536 F.2d 313 (10th Cir.1976).

The court's requirement that just cause be shown before interviewing jurors, while perhaps a prior restraint, is not constitutionally deficient for that reason alone. "[T]he protection [of free speech] even as to previous restraint is not absolutely unlimited." *Near v. Minnesota,* 283 U.S. 697, 716, 51 S.Ct. 625, 631, 75 L.Ed. 1357 (1931). Local Rule 23A is nothing more than a general regulation of plaintiff's counsel's speech in a very narrow and limited context. It incidently limits counsel's speech, but is supported by a valid governmental interest, namely the interest in the orderly conduct of civil trials and the finality of verdicts, and is clearly outweighed by that interest. The rule does not violate the United States Constitution. *Konigsberg v. State Bar of California,* 366 U.S. 36, 81 S.Ct. 997, 6 L.Ed.2d 105 (1961). It is no different in principle than a licensing requirement prior to speech [*Cox v. New Hampshire,* 312 U.S. 569, 61 S.Ct. 762, 85 L.Ed. 1049 (1941)], or other reasonable restriction. *Breard v. Alexandria,* 341 U.S. 622, 71 S.Ct. 921, 95 L.Ed. 1233 (1951); *Kovacs v. Cooper,* 336 U.S. 77, 69 S.Ct. 448, 93 L.Ed. 513 (1949); *Prince v. Massachusetts,* 321 U.S. 158, 64 S.Ct. 438, 88 L.Ed. 645 (1944). There are conflicting considerations present in our determination, but we are confident that the present rule is the lesser of two evils. *McDonald v. Pless,* 238 U.S. 264, 267, 35 S.Ct. 783, 784, 59 L.Ed. 1300 (1915).

■ (2) Plaintiff argues that the verdict was necessarily a product of passion or prej-

udice because the verdict, Two Hundred Twenty-Five Thousand Dollars ($225,000), does not equal the amount calculated by plaintiff's witnesses. This is without merit. The verdict is considerably in excess of plaintiff's medical bills, Sixty-Eight Thousand Five Hundred Fifty-One and 75/100 Dollars ($68,551.75). The jury was instructed, without objection by plaintiff, that they were the sole judges of the credibility of witnesses. The jury could choose to believe or disbelieve the testimony as to future medical expenses and past and future lost wages as they saw fit.

 (3) Plaintiff also argues that the jury considered matters outside the scope of the evidence, namely, workers' compensation. Plaintiff argues that workers' compensation entered the case when Mr. Hoffman was named by a witness as a "loss prevention man." Plaintiff combines this incident with a jury question during deliberations about the reason plaintiff's employer was not named as a defendant and the fact that the jury assessed a considerable portion of fault to plaintiff's employer. The court has considered plaintiff's argument, but finds that it is sheer speculation to infer from these incidents that the jury considered workers' compensation in any way during their deliberations.

(4) Plaintiff brings to the court's attention the fact that Mr. Steve Mackey was present in the courtroom during the first day of trial, and is known to have approached one of plaintiff's witnesses in a fashion intended to prejudice the witness against plaintiff's attorney. It is not known whether Mr. Mackey ever was present in or around the courthouse again. Our local rule does not prevent plaintiff or his attorney from contacting Mr. Mackey and inquiring of him whether or not he approached members of the jury. Further, the jury was instructed to inform the court if anyone tried to discuss the issues or the case with them, and no juror so informed the court. This contention, therefore, is not just cause for interviewing members of the jury.

(5) Plaintiff contends that in the closing argument defendant Gateway asked the jury to "go out and talk to people familiar with the trucking industry to determine the issues in the case." Plaintiff suggests that members of the jury actually went out over the weekend and did so. The court instructed the jury that they were not to conduct their own investigations, and the jurors swore to base their decision only on the evidence adduced at trial. It is pure speculation to assert that they violated their oaths.

(6) Plaintiff further contends that Rule 23A deprives him and his attorney of due process of law. Due process requires notice and opportunity to be heard before adjudication of a person's rights. *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971). The court finds that the present procedure of requiring a motion, with supporting argument, by the party seeking to interview the jurors, and requiring argument in opposition provide all the process that is due plaintiff.

The court has considered plaintiff's argument and finds that just cause to interview the jury has not been shown. IT IS BY THE COURT THEREFORE ORDERED that plaintiff's motion to interview members of the jury is hereby denied.